UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA

       -against-                                      S7 98 Cr. 1023 (LAK)

**KHALID AL FAWWAZ**, *et al.*,

               **Defendants.**

-----------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF KHALID AL FAWWAZ'S REQUEST FOR SEVERANCES AND TWO INDEPENDENT JURIES

ATTORNEYS FOR KHALID AL FAWWAZ

| | |
|---|---|
| **Bobbi C. Sternheim** | **David V. Kirby, Esq.** |
| 33 West 19th Street – 4th Floor | Barbara E. O'Connor, Esq. |
| New York, NY 10010 | 174 Battery Street, 3d Floor |
| 212-243-1100 | Burlington, VT 05401 |
| | 802-863-0112 |

**INTRODUCTION**

The trial of this case will take place in the still-resounding aftermath of the September 11th attacks and the resultant age of terrorism.  Media coverage of terrorism is prolific in every form, be it print, television, radio, or internet.  This saturation requires atypical consideration of this motion by the Court so that the defendants -- men who are of the Islamic faith, whose native language is Arabic and who are of Arabic, Egyptian and Libyan descent -- who are charged with heinous acts of terrorism, receive a trial that affords them Constitutional guarantees in a climate that challenges the ability to ensure a fair trial.  For the reasons discussed below. Khalid Al Fawwaz seeks severance from his co-defendants, Adel Abdel Bary and Anas Al Liby.  Alternatively, Mr. Al Fawwaz seeks empanelment of multiple juries.

**KHALID AL FAWWAZ RENEWS HIS MOTION FOR SEVERANCE
AND A SEPARATE TRIAL FROM ADEL ABDEL BARY**

Khalid Al Fawwaz renews and supplements his motion for severance and a separate trial from Adel Abdel Bary, pursuant to Rule 14, Fed.R.Crim.P., for the reasons stated in his original motion for severance (*see* Dkt Nos. 1176, 1177, 1179) and those discussed below.[1]

The arrest of Anas Al-Liby, coupled with recent terrorist-related events in Nairobi, has put the 1998 embassy bombings back in the news. *See, e.g.,* New York Times 10/5/13: *U.S. Raids in Libya and Somalia Strike Terror Targets,* including picture of U.S. Embassy in Nairobi after the attack, *http://www.nytimes.com/2013/10/06/world/africa/Al-Qaeda-Suspect-Wanted-in-US-Said-to-Be-Taken-in-Libya.html?pagewanted=all*; CBS News

---

[1] The Court denied Mr.  Al Fawwaz's original motion for a severance. *See United States v. Fawwaz*, 2013 WL 3111043 (S.D.N.Y. Jun. 20, 2013).

10/15/13: *Abu Anas Al Liby, al Qaeda Suspect Nabbed in Libya raids, arrives in U.S.,* including video of U.S. Embassy in Nairobi in aftermath of the attack, *http://www.cbsnews.com/news/abu-anas-al-liby-al-qaeda-suspect-nabbed-in-libya-raid-arrives-in-us*. Media coverage of the Westgate Mall shooting in Nairobi, the attack on the U.S. consulate in Benghazi, and other acts of violence in Northern Africa has referenced the1998 attacks on the U.S. embassies in Nairobi and Tanzania. *See, e.g., Gunmen Kill Dozens in Terror Attack at Kenyan Mall*, http://www.nytimes.com/2013/09/22/world/africa/nairobi-mall-shooting.html?pagewanted=all.

      To prove the substantive counts charged against Bary, the government will introduce evidence similar to that which has been recently broadcast.  Such evidence should be precluded from proof of the conspiracy counts charged against all defendants. Thus, the spillover effect of such evidence will severely prejudice Mr. Al Fawwaz and cannot be mitigated, let alone remedied, by limiting instructions to the jury.  To shield Mr. Al Fawwaz from prejudicial spillover, we request that the Court sever co-defendant Bary's trial from the trial of Khalid Al Fawwaz.  Alternatively, we request that the Court order severance of the 224 substantive counts of murder charged against co-defendant Bary only, and restrict a joint trial to the four counts of conspiracy common to all defendants.

      Should the Court be disinclined to sever Mr. Bary or the 224 substance counts, we request that a separate jury be empaneled to decide the case solely against Mr. Al Fawwaz considering evidence restricted to proof of the elements of the conspiracy counts.

**KHALID AL FAWWAZ REQUESTS SEVERANCE FROM ANAS AL LIBY**

Khalid Al Fawwaz seeks severance and a separate trial from Anas Al Liby for the reasons stated in previously filed submissions by all defendants in opposition to the government's request for joinder of Mr. Al Liby, charged in the S10 indictment, to the trial of Messrs. Al Fawwaz and Bary charged in the S7 indictment, and during oral argument on that issue.  *See* Docket Entry Nos. 1404 (Al Fawwaz); 1402, 1439 (Bary); 1386, 1637, 1647 (Al Liby).[2]

Media coverage of Mr. Al Liby's controversial arrest in October 2013 in Libya by U.S. forces regurgitated coverage of the 1998 embassy bombings mixed with more recent violence in Nairobi, including the Westgate Mall shooting.  In addition, pictures of Mr. Al Liby were included in news coverage of the embassy attack in Benghazi.  Such post-indictment conduct and connection is likely to have a detrimental spillover effect, causing undue prejudice to Messrs. Al Fawwaz and Bary.  Courts and academics have explored pretrial prejudice arising from media coverage in great detail. *See. e.g.,* Beck, C.L., *An Analysis of Juror Biases in Terrorism-Related Cases: A Terror Management Theory Approach*, www.dl.uncw.edu/etd/2011-1/r1/beckc/Christopher beck.pdf (2011); Studebaker, C.A. and Penrod, S.D., *Pretrial Publicity and Its Influence on Juror Decision Making*, Ch 8 – Psychology and Law: An Empirical Perspective, (edited by Brewer, N. and Williams, K.D., Guilford Press (2003); Vidmar, N., When *All of Us Are Victims: Juror Prejudice and Terrorist Trials*, 78 Chi.-Kent L. Rev. 1143 (2003); *Case Studies of Pre- and Mid-trial Prejudice  in Criminal and Civil Litigation*, 26 Law and Human Behavior 73 (2002).

---

[2] The government requested a joint trial of all three defendants pursuant to Rule 13, Fed. R. Crim. P. *See* Dkt. No.1400.  The Court heard oral argument on the issue and ordered joinder of Mr. Al Liby's indictment (S10) with S7, for a joint trial of all defendants. Transcript of 12/12/13 at 14.

**KHALID AL FAWWAZ REQUESTS EMPANELMENT
OF TWO JURIES AT A JOINT TRIAL WITH AL LIBY**

Should the Court deny severance, Mr. Al Fawwaz requests the empanelment of two independent juries: one jury for Messrs. Al Fawwaz and Bary and a second jury for Mr. Al Liby.  Co-defendants Bary and Al Liby join this request.

Messrs. Al Fawwaz and Bary opposed joinder of Mr. Al Liby to the scheduled trial due to the prejudicial impact of evidence of post-indictment conduct against them.  While Messrs. Al Fawwaz and Bary have been in custody since their arrests (1998 - Al Fawwaz, 1999 - Bary), Anas Al Liby was at large until only last year.  Following oral argument on the issue of joinder of Mr. Al Liby to the joint trial of Khalid Al Fawwaz and Adel Abdel Bary, the Court made a preliminary determination that a joint trial should be held for all three defendants, joining the Al Liby indictment (S10) with the indictment filed against Messrs. Al Fawwaz and Bary (S7) (Transcript of 12/12/13 at 14-15).  However, at the close of oral argument on this issue, the Court suggested that empanelment of two juries might be appropriate to minimize prejudice against Mr. Al Fawwaz and Mr. Bary (Transcript of 12/12/13 at 14-15).   Khalid Al Fawwaz now urges the Court to empanel two juries.  Messrs. Bary and Al Liby join this request.

The use of multiple juries in a single trial has been employed in numerous federal and state criminal cases. 41 A.L.R.6th 295 (originally published in 2009).  Federal district courts have empaneled two juries in a single trial of co-defendants, and circuit courts have determined that such practice passes Constitutional muster.  The use of two juries has largely been employed as a type of judicially economical severance.  In the circuit cases that

have considered multiple jury trials, courts have generally been confronted with the question of whether defendants' Sixth and Fourteenth Amendment rights were violated where multiple juries were used in order to avoid severed trials. Those courts have concluded that multiple jury trials are permissible in general but that the possibility for error is increased. However, as the Tenth Circuit Court of Appeals observed, "many of the potential harms from a dual jury procedure . . . are also present and possibly magnified in a trial where the defendants are tried jointly." *Wilson v. Sirmons,* 536 F.3d 1064, 1099 (10th Cir. 2008).

### The Related 2001 Trial

In the first Embassy bombing trial in 2001, certain defendants moved to have their trial severed from other defendants charged with carrying out the bombing. In his opinion denying the motion to sever, the Honorable Leonard B. Sand noted that he had "carefully considered the possibility of conducting a joint trial before two separate juries, which might provide a type of severance without requiring a prolongation of pretrial detention." *United States v. Bin Laden*, 109 F. Supp. 2d 211, 215 n.8 (S.D.N.Y 2000). Judge Sand observed that most appellate courts have considered this procedure and found it to be Constitutionally permissible. *Id.*

Ultimately, the motion was denied and one jury was empaneled. Judge Sand was persuaded by the reservations expressed by some courts that, if used at all, the separate jury procedure should be reserved for "relatively uncomplicated situations which will not require the excessive moving of juries in and out of the courtroom." *Id.* (quoting *State v. Corsi,* 86 N.J. 172 (1981)). Judge Sand determined that the separate jury procedure would be inappropriate in that particular Embassy bombing case because of the "number of

defendants, witnesses and lawyers involved; the need for extensive security measures; and the need to translate the proceedings into multiple languages." *Id.* At the time Judge Sand denied the request, six defendants and 18 lawyers were headed for trial. *See Bin Laden*, 109 F. Supp. 2d at 212. In contrast, the present case involves only three defendants and seven attorneys.

**Permissibility of Two Juries**

Although Judge Sand elected not to impanel two juries in the 2001 trial, his reasoning suggests that such a procedure would be permissible in this District. The First, Sixth, Seventh, Ninth, Tenth, Eleventh and D.C. Circuits have all condoned the use of two juries. *See, e.g., Wilson v. Sirmons,* 536 F.3d 1064, 1100 (2008) (finding no error in the use of a multiple jury trial); *United States v. Lebron-Gonzalez*, 816 F.2d 823 (1st Cir. 1987) (ruling, in a matter of first impression in the First Circuit, that it was *not* an abuse of discretion by the district court to impanel two juries, who were kept segregated from each other at all times, in order to minimize the possibility of prejudice from jointly trying defendants); *Smith v. DeRobertis*, 758 F.2d 1151 (7th Cir. 1985) (holding that simultaneous trial of two defendants before two juries did *not* violate defendant's due process rights); *United States v. Lewis*, 716 F.2d 16, 19 (D.C. Cir. 1983) (holding that the "dual jury procedure" is acceptable "so long as it comports with the ethos of due process commanded by our stringent rules of criminal justice"); *United States v. Hayes,* 676 F.2d 1359 (11th Cir. 1982) ( ); *United States v. Rimar*, 558 F.2d 1271 (6th Cir. 1977); *United States v. Sidman,* 470 F.2d 1158 (9th Cir. 1972), *cert denied*, 409 U.S. 1127 (1973) (determining that a defendant's Sixth and Fourteenth Amendment rights had *not* been violated by a bank robbery trial in which two juries were impaneled).

While the Second Circuit Court of Appeals has not confronted this issue, it was endorsed by the New York State Court of Appeals (see People v. Irizarry, 83 N.Y.2d 557, 560-61 (1964) and raised in the Eastern and Western Districts of New York in the form of a habeas motion pursuant to 28 U.S.C. 2254.  For example, two juries were empaneled in a New York State court trial in order to avoid a *Bruton* problem. Each jury convicted the defendant whose case it was deciding, and both convictions were affirmed on appeal. *People v. Shawn Glover*, 266 A.D.2d 862 (App. Div. 4th Dept. 1999); *People v. Eli Lewis*, 278 A.D.2d 819 (App. Div. 4th Dept. 2000).  In a subsequent habeas petition, however, defendant Glover challenged the use of a joint trial rather than two separate trials. *Glover v. Burge,* 652 F.Supp. 2d 373 (W.D.N.Y. 2009) (use of double jury upheld; challenge unsuccessful).  *See also Vasquez v. Rock*, 2010 WL 2399891 at *8-9 (E.D.N.Y. 2010); *Lewis v. Bennett*, 385 F. Supp.2d 396, 408 (W.D.N.Y. 2004).

## A Solution to a *Bruton* Problem

The addition of Anas Al Liby may raise an unavoidable *Bruton* problem, should the government seek to introduce his statements.  In 2006, under similar facts, a federal district court judge in the District of Maine held that empanelment of two juries was required to prevent violations of defendants' confrontation rights in a prosecution for criminal conspiracy where one defendant's testimonial statement was offered into evidence.  *United States v. Lemieux*, 2006 WL 1080746 (D.Me. Apr. 25, 2006), at *2.

Because the offered statements would have been inadmissible hearsay except against the defendant who made them, the court would have had to instruct the jury to disregard the statements as to the other two defendants. Yet, finding that the statements provided "important information about the nature and scope of the conspiracy," the court

concluded that it was "unreasonable to expect the jury to be able to follow an instruction to disregard them as to a particular defendant." *Id.* Rather, the statements would "inevitably inform the jury's view of the conspiracy as to all defendants." *Id.*

In a subsequent ruling on the government's motion to reconsider, the district judge wrote, "I do not see how the government seriously can claim any prejudice as to the single trial with two juries. Indeed, that procedure will obviate the need to redact the remaining defendants' statements to avoid *Bruton* error, and permit the jury to hear the actual words of the defendant against whom a statement is offered." 436 F. Supp. 2d 129 (D.Me. 2006).

### Practical Considerations

While the use of multiple juries raises practical considerations, the prior cases in which this procedure has been used demonstrate that these concerns are not insurmountable. Normal trial procedure would need to be altered at various phases beyond the point when potentially inadmissible evidence is offered against one defendant. Indeed, different juries may be present or excused for separate *voir dire*, opening and closing statements, and lines of questioning. *See* Adam Hersh, *Joint Criminal Trials with Multiple Juries: Why They Are Used and Suggested Ways to Implement Them,* FLA. B.J., April 1999, at 72, 73-74 (offering best practices for a multiple jury trial). The practical complexities are outweighed by the potential for prejudicial overspill if the jury deciding the cases of all three co-defendants considered post-indictment, and post-9/11 conduct, involving Anas Al Liby.

### A Practical Necessity for the Special Circumstances of This Case

The present case involves unique circumstances in a climate drastically different from the zeitgeist before the historic events of September 11, 2001. While the present case

involves the same pre-9/11 conduct as the 2001 trial, it will be tried in a post-9/11 era within walking distance of the World Trade Center site. The pre- and post-9/11 time periods are incomparable; resultant Islamaphobia, terror trauma and security obsession have become societal norms.  Indeed, the construction of the new entry pavilion to the courthouse to accommodate security measures confirms that fear of terrorism is here to stay.

In light of the special circumstances of this case, empanelment of two juries will serve to minimize spillover prejudice from post-indictment conduct presented at trial against Anas Al Liby.

**CONCLUSION**

For the reasons set forth above and in previous papers and proceedings, Khalid Al Fawwaz requests that the Court grant him a severance and separate trial from co-defendants Adel Abdel Bary and Anas Al Liby.   To the extent applicable, Mr. Al Fawwaz joins in the motions and arguments made on behalf of Messrs. Bary and Al Liby.

Should the Court decline to grant this motion, Mr. Al Fawwaz renews his motion to sever his case from that brought against Mr. Bary, against whom 224 substantive counts of murder are charged.

Alternatively, Mr. Al Fawwaz requests that the Court sever the substantive counts charged against Mr. Bary and empanel two juries, permitting only one jury to hear evidence concerning those charges.

Finally, should the Court decline to sever Anas Al Liby from a joint trial with Messrs. Al Fawwaz and Bary, we further request that the Court empanel two juries and allow both

juries to hear only pre-(S7) indictment proof of the charged conspiracies and a second jury to hear evidence of post-(S7) indictment proof against Mr. Al Liby.

Dated: New York, NY
     August 1, 2014

Respectfully submitted,

Attorneys for Khalid Al Fawwaz

*Bobbi C. Sternheim*

Bobbi C. Sternheim

David V. Kirby
Barbara E. O'Connor