

**U.S. Department of Justice**



United States Attorney
Southern District of New York

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 17, 2014

**BY HAND**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 2240
New York, New York 10007

  Re: <u>United States v. Khalid al Fawwaz</u>,
     98 Cr. 1023 (LAK)

Dear Judge Kaplan:

  The Government respectfully submits this letter in response to defendant Khalid al Fawwaz's letter request, dated September 12, 2014 ("Fawwaz Ltr."), asking the Court to "broaden" its prior order denying in part, and granting in part, Fawwaz's motion to depose Dr. Muhammad al Massari. Fawwaz's request should be denied.

  Fawwaz seeks precisely the same relief that this Court has rejected in three separate Orders, including an Order issued earlier this month. *United States* v. *Fawwaz*, 98 Cr. 1023 (LAK), 2014 WL 627083, *6 (S.D.N.Y. Feb. 18, 2014) (DI 1490) (denying Fawwaz's first motion for a Rule 15 deposition of al Massari because al Massari's "proposed testimony would not be material"); *United States* v. *Fawwaz*, 98 Cr. 1023 (LAK) (S.D.N.Y. Apr. 16, 2014) (DI 1604), at 1 (denying Fawwaz's motion for reconsideration of that decision because the Court was "not persuaded by Al Fawwaz's attempts to reassert arguments he already made and to posit factual errors that, even had they occurred, would have been insignificant"); *United States* v. *Fawwaz*, 98 Cr. 1023 (LAK) (S.D.N.Y. Sept. 4, 2014) (DI 1706), at 3 (limiting the Rule 15 deposition of al Massari to the subject of "al Fawwaz's discussion or discussions with al Massari, if any, within approximately 90 days after the 1996 Declaration").

  Fawwaz now asks the Court to permit the deposition of al Massari on the additional subjects of "the establishment of the ARC office in London and the use of the MCI telephone line." In rejecting Fawwaz's previous renewed motion for exactly this relief, the Court held:

> By contrast, al Fawwaz's arguments for deposing al Massari on "[t]he Advice and Reformation Committee (the ARC) and its composition" and "the MCI telephone line and the reasons why it was installed" merely rehash issues decided against him previously. Al Fawwaz has not provided any basis to reconsider those decisions nor has he demonstrated that this testimony would be material to his defense.

Hon. Lewis A. Kaplan, U.S.D.J.
September 17, 2014
Page 2

*Fawwaz*, 98 Cr. 1023 (LAK) (S.D.N.Y. Sept. 4, 2014) (DI 1706), at 2-3 (footnotes omitted); *see Fawwaz*, 98 Cr. 1023 (LAK), 2014 WL 627083 (DI 1490), at *6 ("[Fawwaz] has not sustained his burden of providing a foundation for al Massari's proposed testimony about either the ARC's nature or the purpose or use of the [MCI] telephone. That al Massari at one time was involved with the ARC does not support a finding that he would have personal knowledge of any of the pertinent facts – for example, that it was *not* an al Qaeda front." ) (emphasis in original).

The Court's ruling should remain unchanged. Although Fawwaz claims that he does not wish to challenge or reargue the Court prior rulings, Fawwaz Ltr. at 1, this is, in effect, a third request for reconsideration of the Court's prior decisions, which should be rejected because it satisfies none of the requirements for a motion for reconsideration. *See generally In re Rezulin Products Liability Litigation*, 224 F.R.D. 346, 349 (S.D.N.Y. 2004).

Moreover, Fawwaz has offered no information in his September 12 letter that calls into question the validity of the Court's prior rulings, or that even bears on the merits of his application. Instead, Fawwaz argues that the establishment of the ARC office and the use of the MCI phone line are issues that "may become relevant" at trial, and Fawwaz does "not want to pass up this opportunity" to depose al Massari on these subjects. Fawwaz Ltr. at 1. But Fawwaz offers no reason at all to question the Court's prior holding that al Massari lacks personal knowledge sufficient to testify on these subjects as they are relevant to the case against Fawwaz. Accordingly, there is simply no basis for finding that Fawwaz has satisfied his burden of showing that a deposition of al Massari on these subjects would be material and necessary to prevent a failure of justice. *See United States* v. *Cohen*, 260 F.3d 68, 78 (2d Cir. 2001).

For the reasons set forth above, the Government respectfully submits that Fawwaz's application to revisit the Court's prior rulings should be denied.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____
Sean S. Buckley
Adam Fee
Nicholas J. Lewin
Stephen J. Ritchin
Assistant United States Attorneys
(212) 637-2261 / 1589 / 2337 / 2503

Cc (via email): Counsel of Record