**LAW OFFICES OF BOBBI C. STERNHEIM**

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

January 14, 2015

*Via Hand Delivery and ECF*

Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Khalid Al Fawwaz</u>
S7 98 Cr. 1023 (LAK)

Dear Judge Kaplan:

      We submit this reply in support of our motion *in limine* to preclude testimony or evidence related to his March 1994 illegal or wrongful arrest in Nairobi, Kenya.

      The government argues that Kherchtou's testimony regarding Mr. Al Fawwaz's arrest and the events surrounding it is admissible both as direct evidence of the charged crimes and as permissible "other acts" evidence under Rule 404(b). Neither of these bases support the admission of Kherchtou's testimony.

      Evidence of uncharged conduct is admissible as direct evidence only where the evidence "[1] arose out of the same transaction or series of transactions as the charged offense, . . . [2] is inextricably intertwined with the evidence regarding the charged offense, or . . . [3] is necessary to complete the story of the crime on trial.'" *United States v. Gonzalez*, 110 F.3d 936, 942 (2d. Cir. 1997). These three categories are exhaustive. *See United States v. Kassir*, No. 04 CR. 356 JFK, 2009 WL 976821, at *2 (S.D.N.Y. Apr. 9, 2009) ("The true test [of whether uncharged conduct is admissible as direct evidence] is not whether the evidence provides context or is relevant, but rather whether it meets the criteria set forth in *Gonzalez*.").

      The evidence of Mr. Al Fawwaz's arrest does not meet the criteria set forth in *Gonzalez*. The government does not explain how the arrest or the events surrounding it "arose out of the same transaction or series of transactions as," "is inextricably intertwined with," or "is necessary to complete the story of" the charged conduct. The government does not argue that the conduct for which Mr. Al Fawwaz was arrested was itself in furtherance of the conspiracy. Rather, the government argues that it is evidence of the "events surrounding Fawwaz's arrest," namely that Abu Ubaidah agreed to give Kherchtou money to pay the bribe requested by Kenyan authorities, that is direct evidence because it purportedly shows Mr. Al Fawwaz's association with Ubaidah and Kherchtou Gov't Br. at 8. At most, however, this evidence merely "provides context" for the charged conduct. *Kassir*, 2009 WL 976821, at *2. Such evidence must be analyzed under Rule 404(b).

The evidence of Mr. Al Fawwaz's arrest cannot survive a Rule 404(b) analysis. To be admissible, the evidence must be "(1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial." *United States v. Downing*, 297 F.3d 52, 58 (2d Cir. 2002).

First, despite the government's insistence to the contrary, Kherchtou's testimony about the arrest and the events surrounding it is not being offered for a proper purpose; rather, it is being offered as "propensity evidence in sheep's clothing." *United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009).

Second, the testimony is irrelevant, as the government has identified no evidence linking the arrest and the events surrounding it to the charged conspiracies.

Third, Kherchtou's testimony that Ubaidah instructed him to bribe Kenyan authorities to release Mr. Al Fawwaz is not substantially more probative than prejudicial. "[T]he availability of other, less prejudicial, evidence on the same point ordinarily reduces the probative value of a given item of extrinsic evidence. . . . If the incremental value is slight, and the possibility of prejudice through misuse by the jury great, the court should exclude the evidence under Rule 403." *McCallum*, 584 F.3d at 477. Here, we expect that the government will show the association between Ubaidah and Mr. Al Fawwaz through other, less prejudicial evidence.

By contrast, the prejudicial effect of the illegal or wrongful arrest is significant. Kherchtou's testimony concerning the arrest paints Mr. Al Fawwaz in a criminal light, and there is a significant risk that the jury will improperly infer from such testimony that Mr. Al Fawwaz is more likely to have committed the crimes charged in this case.

Accordingly, we respectfully request that the Court grant Mr. Al Fawwaz's motion *in limine* to preclude testimony or evidence related to his March 1994 illegal or wrongful arrest in Nairobi, Kenya.

Respectfully submitted,

*Bobbi C. Sternheim*
BOBBI C. STERNHEIM
DAVID V. KIRBY
BARBARA E. O'CONNOR

cc: Government Counsel
(*via e-mail*)