UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

         -against-

                                         S7 98-cr-1023 (LAK)

KHALID AL FAWWAZ,

                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The Memorandum Opinion with Respect to Al Fawwaz's Notice of Intent to Disclose Classified Information Pursuant to Section 5 of CIPA, dated December 11, 2014, was filed with the Classified Information Security Officer ("CISO"). The Court has been advised by the CISO that the attached copy of that Memorandum Opinion, reviewed and redacted by the appropriate authorities in accordance with the Classified Information Procedures Act, now may be filed on the public record. Accordingly, the Clerk shall file the attached copy in place of the half sheet [DI 1803].

        SO ORDERED.

Dated:        February 9, 2015

                                             Lewis A. Kaplan
                                  United States District Judge

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/15

~~TOP SECRET~~   ~~NOFORN~~



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA

         -against-

KHALID AL FAWWAZ,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FILED WITH THE
CLASSIFIED INFORMATION
SECURITY OFFICER

S7 98-cr-1023 (LAK)

Filed with Classified
Information Security Officer

CISO _MeCISSO_

Date _12/12/14_

## MEMORANDUM OPINION WITH RESPECT TO AL FAWWAZ'S NOTICE OF INTENT TO DISCLOSE CLASSIFIED INFORMATION PURSUANT TO SECTION 5 OF CIPA

Appearances:

Sean S. Buckley
Stephen J. Ritchin
Adam J. Fee
Nicholas Lewin
Assistant United States Attorneys
Preet Bharara
UNITED STATES ATTORNEY

Bobbi C. Sternheim
LAW OFFICES OF BOBBI C. STERNHEIM

David V. Kirby
Barbara E. O'Connor
O'CONNOR & KIRBY, PC
*Attorneys for Defendant Khalid al Fawwaz*

LEWIS A. KAPLAN, *District Judge*.

        Defendant Khalid al Fawwaz is charged with, among other things, conspiring with

Usama bin Laden and others to kill Americans abroad by, among other means, bombing the United

States embassies in Nairobi, Kenya, and Dar es Salaam, Tanzania. The matter is before the Court

TOP SECRET   NOFORN

2

on al Fawwaz's notice of his intention to use classified information at trial, pursuant to Section 5 of the Classified Information Procedures Act ("CIPA").

*Background*

CIPA "establishes procedures for handling classified information in criminal cases."[1] Among other things, it requires a defendant to provide written notice of his or her intention to disclose or use classified information at trial.[2] In response to such a notice, the government "may request the court to conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information."[3] Sections 6(a) and 6(e) of CIPA provide that such a hearing must be held *in camera* if the Attorney General certifies to the Court that a public proceeding may result in the disclosure of classified information.[4]

On August 25, 2014, al Fawwaz provided written notice of his intention to introduce certain classified information at trial.[5] On September 29, 2014, the government moved for an

---

[1] *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008).

CIPA defines "classified information" as "information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. App. 3 § 1(a).

[2] *Id.* § 5.

[3] *Id.* § 6(a).

[4] *Id.* § 6(a), (c).

[5] Al Fawwaz previously submitted a Section 5 notice on October 11, 2013. Shortly thereafter, however, the Court ordered a joint trial of al Fawwaz and al Liby. Order (Dec. 12, 2013) [DI 1400]. Accordingly, the CIPA schedule was extended significantly. Al Fawwaz's

TOP SECRET   NOFORN

3

*in camera* hearing pursuant to Section 6 of CIPA to address the use, relevance, and admissibility of

the classified information al Fawwaz seeks to introduce.[6]  Accordingly, the Court conducted such

a  hearing on November 12, 2014.[7]  The matter of al Fawwaz's proposed use of classified

information now is ripe for decision.

<em>The Classified Information Al Fawwaz Seeks to Use</em>

Al Fawwaz wishes to introduce at trial

(3) classified

summaries of intelligence information that were provided to cleared defense counsel pursuant to

Section 4 of CIPA.

---

earlier notice is encompassed within his August 25, 2014 submission.

[6]   The government sought also an *in camera* hearing to address the use, relevance, and admissibility of classified information it seeks affirmatively to introduce in its case-in-chief at trial.  That motion is addressed in a Memorandum and Order of even date.

[7]   The government submitted the declaration of John P. Carlin, the Assistant Attorney General in charge of the National Security Division of the United States Department of Justice, affirming that a public hearing on any part of the matter may result in the disclosure of classified information. Mr. Carlin is designated by the Attorney General for the purpose of making this certification.  18 U.S.C. App. 3 § 14.

TOP SECRET    NOFORN

4

*Discussion*

As a preliminary matter, Section 5 of CIPA requires a defendant to "include a brief description of the classified information" in the defendant's notice.[8]  Moreover, the defense bears the burden of establishing that the classified information it seeks to introduce is admissible.[9]  Al Fawwaz's Section 5 notice, however, did not provide any basis for the admissibility of such evidence at trial.  Despite the opportunity to do so at the *in camera* hearing, al Fawwaz's counsel neither offered testimony or other evidence to prove, nor offered a particularized explanation for, the alleged relevance and admissibility of the great bulk of the classified evidence they propose to use at trial.  Nonetheless, the Court has examined the use, relevance, and admissibility of the evidence al Fawwaz seeks to disclose in light of the information that has been provided.

TOP SECRET    NOFORN

TOP SECRET    NOFORN

5

6

A.     *Wholesale Introduction of Evidence*

The premise of al Fawwaz's proffer evidence                    is

that comparison                                        would tend to show

that other persons were involved in the alleged conspiracy, but that al Fawwaz was not.[13]   That

premise has not been established sufficiently.


(i)     *Relevance*




But al Fawwaz has not shown

that the inference would be reasonable because he has not shown even that the premise on which it

rests is arguably true.

---

[13]

Hr'g Tr. (Nov. 12, 2014), at 49.

For the sake of clarity, defense counsel

7

It is defendant's burden to establish the relevance and admissibility of the evidence he proposes to use. The utter failure to show that the characteristics

that the former were benign and the latter malignant or inculpatory – is fatal on the ground of relevancy to the bulk proffer of evidence

before even getting to other issues of admissibility. Defendant thus has failed to show that the proffered evidence "has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence."[16]

But let us assume there were at least something to defendant's argument

This Court concludes that it would not.

Perhaps the most fundamental point is that different parties to a conspiracy may play quite different roles. If, as the government alleges, al Fawwaz's role was to run a media information office in London, then proof, hypothetically, that                              operational details of the 1998

---

[14]     Al Fawwaz CIPA Section 5 Notice (Aug. 25, 2014), at 3.

[15]     Id.

[16]     FED. R. EVID. 401.

8

Embassy bombings with persons concerned with operations, but not with al Fawwaz, would not prove anything at all. This is especially likely in light of the fact that al Qaeda was characterized by compartmentalization of information. L'Hussaine Kherchtou, a former al Qaeda member, for example, testified in *United States v. Ghailani*[17] that al Qaeda was concerned about secrecy and spying, and al Qaeda members did not "share a lot of information to someone who d[id]n't need to know what's going on."[18]

There would be nothing special about such a mode of behavior.

---

[17]   98 Cr. 1023 (LAK), *aff'd*, 733 F.3d 29 (2d Cir. 2013).

[18]   *Ghailani*, 98 Cr. 1023 (LAK), Trial Tr. (Oct. 20, 2010), at 804-05.

This seems even more likely in the circumstances here because al Fawwaz

TOP SECRET    NOFORN

TOP SECRET   NOFORN

11

### (iii)    Rule 403

For all the foregoing reasons, the evidence, offered on the basis advanced by al Fawwaz, would have no probative value even if conditional relevance had been established for Rule 104(b) purposes. Even if it had some, however, defendant has failed to surmount another hurdle.

Rule 403 permits the Court to exclude even relevant evidence where its probative value would be outweighed substantially by its unfair prejudicial effects. Additionally, "[i]f an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk."[24]

---

[23]    *See* FED. R. EVID. 104(b).

[24]    *Old Chief v. United States*, 519 U.S. 172, 182-83 (1997) (explaining that this analytical method to be used in Rule 403 balancing is preferred over one that weighs only probative

TOP SECRET    NOFORN

12

TOP SECRET    NOFORN

TOP SECRET    NOFORN

13

14

TOP SECRET     NOFORN

15

TOP SECRET     NOFORN

TOP SECRET    NOFORN

16

TOP SECRET    NOFORN

17

TOP SECRET    NOFORN

TOP SECRET    NOFORN

18

TOP SECRET    NOFORN

TOP SECRET   NOFORN

19

TOP SECRET    NOFORN

20

TOP SECRET    NOFORN

21

TOP SECRET    NOFORN

22

TOP SECRET    NOFORN

TOP SECRET   NOFORN

23

TOP SECRET    NOFORN

24

TOP SECRET    NOFORN

25

TOP SECRET    NOFORN

TOP SECRET   NOFORN

26

The government contends that                                and therefore
are unreliable.[71]   It concedes, however, that they were
     [72]  The defense therefore may prove
                                          [73]   Thus, to the extent that the
                                                              relevant and
Court has otherwise determined that evidence
admissible, the defense may introduce        notwithstanding the best evidence rule, in light

---

[69]

[70]
     FED. R. EVID. 1004(a).

[71]
     Hr'g Tr. (Nov. 12, 2014), at 86-87.

[72]
     Id. at 85.

[73]
     See FED. R. EVID 1007.

TOP SECRET    NOFORN

27

II.    *Intelligence Summaries*

Al Fawwaz seeks also to introduce several classified summaries of intelligence that were provided to cleared defense counsel pursuant to Section 4 of CIPA.[74]

It is important first to discuss the origin of these classified summaries of intelligence information. Section 4 of CIPA provides, among other things, that the Court "upon a sufficient showing, may authorize the United States . . . to substitute a summary of . . . the information for such classified documents."[75]  During discovery, the government sought to substitute summaries for certain classified intelligence information prepared by components of the U.S. government.  After (1) *in camera* review of the underlying intelligence information, (2) *ex parte* conferences (with the consent of both the government and the defense) with counsel for each party in order to understand their respective views of the case, and (3) instructions to the government to supplement the summaries initially proposed with additional information the Court found could be material to the defense, the Court concluded that the disclosure of the classified information to the defense or the public "reasonably could be expected to cause serious, or in some cases, exceptionally grave damage to the national security" and that the amended summaries would provide the defense with substantially the same ability to make their defenses as would disclosure of the specific classified information.[76]

---

[74]  *See* Al Fawwaz CIPA Section 5 Materials (Nov. 12, 2014), Exs. S, T.

[75]  18 U.S.C. App. 3 § 4.

[76]  Mem. and Order (Sept. 24, 2013) [DI 1317]; Al Fawwaz Prot. Orders with Respect to Certain Disc. [DI 1318, 1653].

TOP SECRET    NOFORN

TOP SECRET   NOFORN

28

Defense counsel now seek to offer portions of these classified summaries on the basis

that they "contain[] exculpatory information about Mr. Fawwaz."[77]

The relevance of this evidence cannot reasonably be disputed, but its admissibility

is an entirely separate inquiry and depends on the nature and source(s) of the underlying material.

The Court has reviewed *in camera* the underlying classified materials in question,

which consist of intelligence

[80]

In other words, the

intelligence          contain accounts                                        in many cases

_____     _____

[80] As the government explained, the underlying documents are          "from components of
the U.S. Government that it has                                                    about the
information disclosed herein. . . . The summaries
                                                                            Hr'g Tr. (Nov. 12,
2014), at 74.

TOP SECRET   NOFORN

Accordingly, evidence of these classified summaries may not be introduced at trial.

Al Fawwaz requests also the sources of the classified information underlying the summaries.  That request is denied.  In reference to the government's *ex parte* motions for a protective order pursuant to Section 4 of CIPA and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court carefully reviewed the materials in question and determined, among other things, that the government need not disclose such information as it was not "helpful or material to the defense."[82]  It is no more helpful or material now.

TOP SECRET   NOFORN

In any case, the Court would exclude this evidence pursuant to Rule 403 because any probative value would be outweighed substantially by its tendency to confuse the issues and mislead the jury.

TOP SECRET    NOFORN

31

*Conclusion*

Any motion by the government pursuant to Section 6(c) of CIPA with respect to the evidence, use of which by al Fawwaz has been granted hereby, shall be filed on or before December 18, 2014.

As this ruling involves classified materials, the motion pursuant to Section 5 of CIPA, all papers submitted in connection therewith, and the transcript of the *in camera* hearing shall be filed under seal with and maintained by the Court's Classified Information Security Officer designated in accordance with CIPA and the *Security Procedures Established Pursuant to Pub. L. No. 96-456* by the Chief Justice of the United States.

SO ORDERED.

Dated:        December 11, 2014

_____
Lewis A. Kaplan
United States District Judge

TOP SECRET    NOFORN