USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,

-against-

S7 98-cr-1023 (LAK)

KHALID AL FAWWAZ,

Defendant.
------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

The government moves *in limine* to preclude the admission of the deposition testimony of Mohammad al Massari and Abdel Bari Abu Atwan on the grounds, among others, that (1) statements attributed by the witnesses to defendant al Fawwaz all are hearsay, (2) those statements are admissible neither as statements of al Fawwaz's then-existing state of mind nor as circumstantial evidence thereof, (3) opinions by Massari and Atwan as to al Fawwaz's statement of mind are not admissible under Fed. R. Evid. 701, (4) much of the testimony of these witnesses that al Fawwaz seeks to offer is incompetent and/or irrelevant, and (5) nearly all of the proffered testimony, at least of Massari, was taken in contravention of orders of this Court that limited the scope of the deposition and thus foreclosed the examination that elicited much of the proffered testimony.

The Court was provided by al Fawwaz with transcripts of both depositions with the testimony al Fawwaz seeks to offer highlighted in yellow. The government has submitted counter-designations of testimony from each deposition which it seeks to offer in the event that the Court

receives any of the testimony proffered by al Fawwaz.

Insofar as the government seeks to preclude all of the deposition testimony designated on behalf of al Fawwaz, its motion is denied. Nevertheless, the motion is granted in some part. The Court has indicated the extent to which the government's objections have been sustained by crossing out testimony proffered by al Fawwaz while leaving undisturbed the highlighted portions to which the government's objections are overruled. Copies of these marked transcripts, which in the case of Atwan consists only of the cover page and those pages on which al Fawwaz designated testimony to be offered, will be marked as Court Exhibits.

Al Fawwaz has not objected to any of the government's counter-designations, which go mainly to matters of bias and credibility. In any case, the Court has reviewed all of the counter-designated testimony and has found no viable objection to any of it. Accordingly, the government may read the counter-designated testimony of either of the depositions from which al Fawwaz ultimately decides to offer designated testimony as to which the Court overruled the government's objections.

There are three additional points that warrant brief mention.

First, al Fawwaz contends that any objection that the government did not make on the record of the deposition was waived in light of Fed. R. Crim. P. 15(g). This Court construes Rule 15(g) as requiring a party to assert at a deposition on pain of waiver only objections to matters that could be cured at the deposition, as by rephrasing an objectionable question. *See United States v. Bertoli,* 854 F. Supp. 957, 1021 (D. N.J.) ("[o]bjections to form should have been made at the time the objectionable question") (construing prior version of Rule 15(g) that was designated 15(f)), *aff'd in part, vacated in part on other grounds,* 40 F.3d 1384 (3d Cir. 1994); Fed.R.Crim.P. 15(f), Advisory Comm. Note (discussing 1974 Amendment).

Second, the Court is quite surprised at the extent to which defendant's counsel ignored express limitations on the scope of these depositions. It considers that all testimony obtained by examination in violation of those limitations is properly excludable, regardless of whether it would have been admissible absent the Court's prior orders. Nonetheless, the Court, in the exercise of discretion and in the interests of affording al Fawwaz a fair trial, has allowed some designated testimony that was obtained in violation of the Court's orders.

Third, during Atwan's deposition, defense counsel appears to have sought to lay a foundation for the reception in evidence of one or more prior statements by Atwan as past recollections recorded, but the prior statement or statements were not provided to the Court. This ruling is without prejudice to an offer of any such statements and, to the extent appropriate for foundational purposes, relevant portions of Atwan's testimony that otherwise have been excluded.

Accordingly, the government's motion to preclude [DI 1869] is granted in part and denied in part as set forth in this order and the materials referred to herein.

SO ORDERED.

Dated:   February 17, 2015

_____
Lewis A. Kaplan
United States District Judge