

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*



*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 2, 2015

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/25/15

**BY ELECTRONIC MAIL**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

RECEIVED FEB 0- 2015

Re: **United States v. Khalid al Fawwaz,**
    **98 Cr. 1023 (LAK)**

Dear Judge Kaplan:

The Government respectfully submits the below objections to the defendant's proposed jury instructions, dated January 20, 2015 (the "Defendant's Instructions" or "Def. Instr.").

**Defense Request No. 1: "Improper Consideration of the Defendant's Right to Contest Extradition"**

The Government objects to this proposed instruction on the ground that it improperly suggests that there was a valid basis to challenge the "legality of the United States' request for his extradition." This is particularly objectionable here where the defendant's opening statement cast this case as an instance of government overreach, Tr. 35, and implied that the charges somehow were illegal on the basis that the defendant "had never, ever been to the United States," Tr. at 45.

The extradition request in this case properly and legally was submitted pursuant to the extradition treaty in place between the United States and the United Kingdom. The defendant, therefore, could not validly challenge the legality of the United States' request for extradition. The language contained in the proposed charge, when considered in conjunction with the defendant's opening statement, improperly would suggest that there was some error or illegality in the defendant's arrest and extradition to the United States, when the outcome of the judicial proceedings in the United Kingdom and the European Union determined that there was neither error nor illegality.

To the extent the defendant insists that a charge regarding his failed challenge to his extradition be placed before the jury, the Government proposes the following:

> In September 1998, the defendant was arrested in the United Kingdom pursuant to a lawful provisional arrest warrant issued by the United Kingdom authorities on the basis of criminal charges pending here in the United States based upon the defendant's alleged role in the charged conspiracies. Subsequent to that provisional arrest, extradition proceedings were commenced. The defendant lawfully challenged his extradition to the United States and, after a series of appeals, each of the defendant's challenges was rejected by the courts of the United Kingdom and the European Union.
>
> After the denial of his last appeal in September 2012, the defendant lawfully was extradited to the United States to stand trial on the charges in the Indictment. You may not draw any inference either for or against the defendant on the basis of the fact that the defendant was extradited to the United States, and the fact of his extradition shall not be considered in any way in your deliberations in the jury room.

**Defense Request No. 2: "Presumption of Innocence and Burden of Proof"**

The Government objects to the defendant's formulation of the proposed instruction. The language proposed by the defendant contains surplus language that is not contained in Sand's *Modern Federal Jury Instructions*, Instr. 4-1.

**Defense Request No. 3: "The Indictment"**

The Court already has instructed the jury on the fact that the Indictment is not evidence in its preliminary instructions to the jury. Moreover, the language contained in the proposed charge appears nowhere in this Court's instructions in *United States* v. *Abu Ghayth*, 98 Cr. 1023 (LAK) (referred to herein as the "*Abu Ghayth* Jury Instructions"). *See Abu Ghayth* Jury Instructions at 28.

Moreover, as was done in connection with the jury deliberations in *United States* v. *Ghailani* and *United States* v. *Abu Ghayth*, the Government respectfully requests that the Court furnish a redacted version of the indictment to the jury during their deliberations.

**Defense Request No. 4: "Reasonable Doubt"**

The Government respectfully requests that the Court include its standard instruction on reasonable doubt, which differs in some respects from the defendant's proposed instruction. *See Abu Ghayth* Jury Instructions at 2-3.

Hon. Lewis A. Kaplan, U.S.D.J.
February 2, 2015
Page 3

Further, the defendant's proposed jury instruction also erroneously instructs the jury that there are "three charges in the indictment." *See* Def. Instr. At 5. The defendant, however is charged in four separate counts: Counts One, Three, Five and Six.

### Defendant's Request No. 5: "Elements of Conspiracy Generally"

The Government objects to this proposed instruction. As an initial matter, the defendant's proposed instructions would instruct the jury that the Government must prove beyond a reasonable doubt that "one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment." This is contrary to long-established Second Circuit law insofar as it proposes to instruct the jury that the Government must prove: "at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged." Def. Req. No. 14. In *United States* v. *Frank*, the Second Circuit reaffirmed "the well-established rule of [the Second] and other circuits that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant." 156 F.3d 332, 337 (2d Cir. 1998) (citing cases); *United States* v. *LaSpina*, 299 F.3d at 165, 182 (2d Cir. 2002) ("It is clear the Government may offer proof of acts not included within the indictment, as long as they are within the scope of the conspiracy." (internal quotation marks omitted)).

Second, the defendant's proposed instruction improperly suggests that all four of the charged conspiracies have an overt act requirement. That is not so. As the Court is aware, Count Five of the Indictment does not have an overt act requirement.

Third, the defendant's proposed instruction suggests that there are four elements that the Government must prove. This derives from the defendant's improper reliance upon Judge Sand's *Modern Federal Jury Instructions*. Judge Sand's formulation separating out the need to prove not only one of the overt acts alleged in the indictment, but also that the alleged overt act was committed to further some objective of the conspiracy. To the contrary, as discussed above, there is no need to prove that the defendant committed an overt act *as alleged in the indictment*, and need only prove that *an* overt act was committed to further some objective of the conspiracy. Accordingly, as formulated, the defendant's proposed jury instructions improperly suggest an additional element that must be proven beyond a reasonable doubt.

### Defendant's Request No. 6: "First Element of Conspiracy: Existence of an Unlawful Agreement"

The Government objects to this proposed instruction as an incomplete, misleading, and inaccurate statement of the law. While this instruction purports to be taken from the "[j]ury instruction given in *United States* v. *Abu Ghayth*," it omits the substantial discussion about the existence of an unlawful agreement included in the instructions as delivered in *Abu Ghayth*. *See, e.g.*, *Abu Ghayth* Jury Instructions at 5-6.

Hon. Lewis A. Kaplan, U.S.D.J.
February 2, 2015
Page 4

### Defendant's Request No. 7: "'Unlawful' Defined"

The Government objects to this proposed instruction as an incomplete, misleading, and inaccurate statement of the law. Moreover, the discussion of how an "agreement to violate foreign law" "does not constitute a criminal conspiracy that may be prosecuted in the United States" is without basis in law and likely will serve only to confuse the jury.

In support of this claim, the defendant argues that "the government may introduce evidence of Al Qaeda's actions against the Soviet Union in Afghanistan," and that the instruction is an attempt "to clarify that the defendant cannot be convicted based on any involvement with such actions." Def. Instr. 8 n.7. This claim is incorrect both as a matter of fact and a matter of law. The defendant's involvement with al Qaeda at any point after or around the time period alleged in the Indictment can serve as a basis on which to convict the defendant insofar as the jury concludes that the defendant knowingly and willfully entered into the conspiracies charged in the Indictment.

The objectives of the charged conspiracies are clearly and unambiguously alleged. Inclusion of this inaccurate and unnecessary language will only confuse the issues that the jury must decide. Moreover, the concern raised by the defendant in this instruction is adequately addressed by the Government's proposed instruction on membership in a conspiracy.

### Defendant's Request No. 8: "Multiple Conspiracies"

The Government objects to the inclusion of a "multiple conspiracies" charge in this case. The Government submits that the evidence adduced at trial does not support anything other than the existence of the single conspiracy charged in Counts One, Three, Five, and Six of the Indictment, thereby rendering such a jury instruction wholly inappropriate.

As an initial matter, the Second Circuit has held, as have its sister circuits, that such a charge is not appropriate in the trial of a single defendant. *United States* v. *Corey*, 566 F.2d 429, 431 n.3 (2d Cir. 1977). *See also, e.g., United States* v. *Richardson*, 532 F.3d 1279, 1293 (11th Cir. 2008). Moreover, where, as here, "only one conspiracy has been alleged and proved, . . . defendants are not entitled to a multiple conspiracy charge." *United States* v. *Maldonado-Rivera*, 922 F.2d 934, 962 (2d Cir. 1990) (citing *United States* v. *Martino*, 664 F.2d 860, 875 (2d Cir. 1981); *United States* v. *Ocampo*, 650 F.2d 421, 429-30 (2d Cir. 1981); *United States* v. *Cambindo Valencia*, 609 F.2d 603, 621 n.15 (2d Cir. 1979). Instead, a multiple conspiracies charge is generally appropriate in cases in which the government has alleged a single, overarching conspiracy but a reasonable jury could find the existence of smaller, independent conspiracies, some of which the defendant did not participate in. *United States* v. *Johansen*, 56 F.3d 347, 350-51 (2d Cir. 1995).

To prove a single conspiracy, the Government need show only that the defendant "agreed to participate in what he knew to be a collective venture directed toward a common goal." *United States* v. *Berger*, 224 F.3d 107, 114 (2d Cir. 2000); *Maldonado-Rivera*, 922 F.2d at 963. Co-conspirators need not have agreed on the details of the conspiracy, so long as they have

agreed on "the essential nature of the plan," nor must the goals of all the participants be congruent, so long as their goals are not at cross-purposes. *Maldonado-Rivera*, 922 F.2d at 963; *United States* v. *Heinemann*, 801 F.2d 86, 92 n.1 (2d Cir. 1986). A single conspiracy may be found "where there is mutual dependence among the participants, a common aim or purpose or a permissible inference from the nature and scope of the operation that each actor was aware of his part in a larger organization where others performed similar roles equally important to the success of the venture." *United States* v. *Williams*, 205 F.3d 23, 33 (2d Cir. 2000). Moreover, "[i]n the context of narcotics operations . . . [the Second Circuit has] held that even where there are multiple groups within an alleged conspiracy, a single conspiracy exists where the groups share a common goal and depend upon and assist each other, and [one] can reasonably infer that each actor was aware of his part in a larger organization where others performed similar roles." *United States* v. *Payne*, 2010 WL 20917 at *11 (2d Cir. Jan. 5, 2010) (quoting *United States* v. *Berger*, 224 F.3d 107, 115 (2d Cir. 2000)).

A "'single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis in its locale of operations.'" *Williams*, 205 F.3d at 33 (quoting *Cambindo Valencia*, 609 F.2d at 625), *see also United States* v. *Aracri*, 968 F.2d 1512, 1522-23 (2d Cir. 1992) ("'The jury need not have concluded that the same people were involved throughout the entire period of the conspiracy in order to find one conspiracy.'") (quoting *United States* v. *Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987)). Moreover, "a single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it may involve two or more phases or spheres of operation, so long as there is sufficient proof of mutual dependence and assistance." *Payne*, 2010 WL 20917 at *11; *Berger*, 244 F.3d at 114-15 (quoting *Maldonado-Rivera*, 922 F.2d at 963); *see also United States* v. *Vasquez*, 113 F.3d 383, 387 (2d Cir. 1997) ("Where there is sufficient proof of an ongoing connection between transactions, one conspiracy is not transformed into multiple conspiracies simply because it occurs in more than one stage and at different times.").

The Indictment and the evidence at trial establish a single conspiracy beginning in 1991 and continuing through 2000, which the defendant is alleged to have joined at least as early as in or about 1992. In addition, the evidence adduced at trial clearly demonstrates the use of the same means and methods during the life of the charged criminal activity, further supporting the existence of a single conspiracy. *See Maldonado-Rivera*, 922 F.2d at 963-64 (conspiracy with "several interdependent phases" involving overlapping participants sharing a single common goal constitutes a single conspiracy); *Williams*, 205 F.3d at 33 (a "single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis in its locale of operations"); *Heinemann*, 801 F.2d at 92 ("switches in affiliation might occur from time to time" within a conspiracy and are not inconsistent with a single conspiracy); *Berger*, 244 F.3d at 115 (common purpose and similar methods shared by different schemes is evidence of a single conspiracy). Here, the significant overlap in participants, the common purpose and method of operation shared by all members of the conspiracy, and the evidence of mutual assistance between members of different phases of the conspiracy, clearly establish a single conspiracy.

Hon. Lewis A. Kaplan, U.S.D.J.
February 2, 2015
Page 6

### Defendant's Request No. 9: "Second Element of Conspiracy: Membership in the Conspiracy"

The Government objects to this request as incomplete. The Government respectfully requests that the Court include the instruction regarding membership in a conspiracy as set forth at pages 6 to 8 of the *Abu Ghayth* Jury Instructions.

### Defendant's Request No. 10: "Knowingly and Wilfully Defined"

The Government objects to this request as a standalone instruction, and proposes that it is more properly included in the second element of conspiracy (*i.e.*, membership in the conspiracy). *See Abu Ghayth* Jury Instructions at 6-7. The instruction as proposed by the defense lacks the additional, clarifying language that will assist the jury in making its determination as to whether an act is done "knowingly and willfully." *See id.* at 7.

### Defendant's Request No. 11: "Intentionally, Defined"

The Government objects to this proposed instruction because it suggests that the jury must make an additional finding related to the defendant's participation in the conspiracy, *i.e.*, that the defendant knowingly and willfully joined the conspiracy and that he intentionally became a member of the charged conspiracy. This concept of intentionally joining a conspiracy more properly is considered as part of the definition of "knowingly and willfully." *See, e.g.*, *Abu Ghayth* Jury Instructions at 6-8. As such, the language in the Government's proposed charge – and this Court's charge in the *Abu Ghayth* Jury Instructions – adequately addresses the concerns raised in *United States* v. *Bell*, 584 F.3d 478, 484 (2d Cir. 2009), and *United States* v. *Townsend*, 98 F.2d 927, 930 (2d Cir. 1993), and therefore does not require a separate instruction.

### Defendant's Request No. 12: "Membership In Al Qaeda Does Not Imply Membership In Charged Conspiracies"

The Government objects to this proposed instruction as written. The conspiracies charged in the Indictment are alleged to have been formed by members and also nonmembers of these organizations, and therefore are not limited in scope to members of al Qaeda and EIJ. As such, the jury need not find that the defendant was a member of al Qaeda or any other organization to find that the defendant was a member of the conspiracy in question.

Similarly, even if the jury finds that the defendant was a member of al Qaeda, that would not necessarily mean that the defendant was a member of the conspiracy. That said, membership in al Qaeda can be considered by the jury as evidence of the defendant's participation in the charged conspiracy and a finding that the defendant was a member of al Qaeda can – although not necessarily will – equate to membership in the conspiracy the jury is considering.

Accordingly, to the extent the Court believes it necessary to include any instruction regarding membership in al Qaeda, the Government respectfully requests the Court include the instruction set forth at pages 7 to 8 of the *Abu Ghayth* jury instructions.

### Defendant's Request No. 13: "First Amendment"

The Government objects to the defendant's Request Number 13 as an inaccurate statement of the law. The First Amendment is no defense to the crimes charged in the Indictment. Moreover, the defendant was located outside of the United States throughout the entire period of the charged conspiracies, is not a United States national, and therefore has no rights under the First Amendment. *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 265, 110 S. Ct. 1056 (1990) (observing that the First Amendment's reference to "the people" suggested that the rights belong "to a class of persons who are part of the national community or who have otherwise developed sufficient connection with this country to be considered part of that community," and suggesting that an "[e]xcludable alien is not entitled to First Amendment rights, because he does not become one of the people to whom these things are secured by our Constitution by an attempt to enter forbidden by law").

The Government respectfully requests that the Court instruct the jury as requested in the Government's First Supplemental Request to Charge, filed on January 21, 2015.

### Defendant's Request No. 14: "Third Element of Conspiracy: Commission of Overt Act"

The Government objects to this instruction for substantially the same reasons that it objected to Defendant's Request No. 5. *See supra.* Among other things, this proposed instruction improperly directs the jury that the Government must prove "at least one of the overt acts charged in the indictment." That is not the law, and therefore this instruction should be rejected.

### Defendant's Request No. 15: "Fourth Element of Conspiracy: In Furtherance of Conspiracy

The Government objects to this instruction for substantially the same reasons that it objected to Defendant's Request No. 5. *See supra.*

### Defendant's Request No. 16: "The Government As a Party"

The Government respectfully requests that the Court deliver the instruction as given at page 27 of the *Abu Ghayth* Jury Instructions.

### Defendant's Request No. 17: "What Is Not Evidence"

The Government objects to the defendant's proposed formulation and instead respectfully requests that the Court deliver the instruction as given at pages 27 to 28 of the *Abu Ghayth* Jury Instructions.

Hon. Lewis A. Kaplan, U.S.D.J.
February 2, 2015
Page 8

### Defendant's Request No. 18: "Inferences Defined"

The Government objects to the defendant's proposed language, and instead requests that the Court use the Government's Request Number 24, which is taken from this Court's prior instructions in *United States* v. *Ghailani*, and *United States* v. *Abu Ghayth*.

### Defendant's Request No. 19: "Publicity"

The Government objects to the defendant's proposed language, which is taken from the oral reading of the jury instructions given in *United States* v. *Abu Ghayth*. *See* Def. Instr. At 22 n.19. The Government respectfully submits that the Court should give the instruction set forth at page 22 of the *Abu Ghayth* Jury Instructions, rather than the oral recitation delivered to the jury.

### Defendant's Request No. 20: "Number of Witnesses and Uncontradicted Witnesses"

The Government objects to the inclusion of this instruction because it is without basis in law, is potentially misleading, and to the extent relevant, is subsumed in other instructions.

Most notably, none of the authorities cited by proposed Instruction 4-3 of Judge Sand's *Modern Federal Jury Instructions* reference Second Circuit precedent.

### Defendant's Request No. 21: "Effect of Hearsay Exclusion for Opposing Party's Statement"

The Government objects to this instruction as without any basis in law or fact. The defendant cites to no legal authority to support the inclusion of such an instruction. This is not surprising, as the instruction itself essentially would eviscerate the rules of evidence and permit the jury to draw adverse inferences based upon evidence that is not – and should not be – before them.

### Defendant's Request No. 22: "Effect of Hearsay Exclusion for Statements Made by Coconspirators During And In Furtherance of the Conspiracy"

The Government objects to this instruction as without any basis in law or fact. The defendant cites to no legal authority to support the inclusion of such an instruction. This is not surprising, as the instruction itself essentially would eviscerate the rules of evidence and permit the jury to draw adverse inferences based upon evidence that is not – and should not be – before them.

### Defendant's Request No. 23: "Witness Unavailable to Defendant"

The Government objects to this instruction as without any basis in law or fact. The defendant cites to no legal authority to support the inclusion of such an instruction. This is not surprising, as the instruction is a misstatement of the law related to a so-called "missing witness charge," and further instructs the jury to make inferences on the basis of facts that are not – and

Hon. Lewis A. Kaplan, U.S.D.J.
February 2, 2015
Page 9

should not – be before it. *See United States* v. *Torres*, 845 F.2d 1165, 1169 (2d Cir. 1988) (missing witness charge appropriate only "[w]hen a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction and fails to produce such witnesses"); *see also United States* v. *Adeniji*, 31 F.3d 58, 65 (2d Cir. 1994) (same); *United States* v. *Slaughter*, 386 F.3d 401, 403 (2d Cir. 2004) (a district court's "failure to give the instruction rarely warrants reversal").

There is no basis to believe that the Government had it peculiarly within its power to produce any witness whose testimony would elucidate any material fact.

### Defendant's Request No. 24: "Evidence and Testimony Precluded By Rulings in the United Kingdom"

The Government objects to this instruction as without any basis in law or fact. The defendant cites to no legal authority to support the inclusion of such an instruction. This is not surprising, as the instruction itself essentially would eviscerate the rules of evidence and permit the jury to draw adverse inferences based upon evidence that is not – and cannot be – before them.

Such an instruction would invite only speculation by jurors about facts not in evidence. Further, any argument by the defense that "the evidence and testimony was material," to the extent such evidence and testimony even exists, is without any basis in the record.

Moreover, the defendant's claim that this instruction "is necessary so that the jury does not draw an adverse inference against the defendant for his failure to introduce this evidence and testimony" does not support a different result. The Court has instructed, and will continue to instruct, the jury that the defendant has no burden in this case.

### Defendant's Request No. 25: "Witness Credibility"

The Government objects to the defendant's proposed instruction and instead requests the Court provide the instruction used at page 30 of the *Abu Ghayth* Jury Instructions.

### Defendant's Request No. 26: "Law Enforcement as Witness"

The Government respectfully submits the Court should instruct the jury using the Government's Request Number 29.

### Defendant's Request No. 27: "Cooperators"

The Government objects to the defendant's proposed instruction regarding cooperators because it misstates the law and suggests that the jury should view cooperator testimony in a negative light. This proposed instruction is inconsistent with the instructions this Court previously provided to the jury on the issue of cooperator testimony and is inconsistent with

Hon. Lewis A. Kaplan, U.S.D.J.
February 2, 2015
Page 10

precedent in this Circuit. Accordingly, the Government respectfully requests that the Court include the Government's Request Number 30 in its stead.

### Defendant's Request No. 28: "Improper Consideration of the Defendant's Right Not to Testify"

The Government respectfully submits that the Court should instruct the jury using the Government's Request No. 26.

### Defendant's Request No. 29: "Verdict"

While the Government recognizes that this proposed instruction is consistent with the instruction orally delivered by the Court in *United States* v. *Abu Ghayth*, the Government respectfully requests that the Court deliver the instruction as written at page 38 of the *Abu Ghayth* Jury Instructions.

Respectfully submitted,

PREET BHARARA
United States Attorney

by: /s/ Sean S. Buckley
Sean S. Buckley
Adam Fee
Nicholas J. Lewin
Stephen J. Ritchin
Assistant United States Attorneys
(212) 637-2261 / 1589 / 2337 / 2503

cc: Counsel for Fawwaz (by electronic mail)