UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KHALID AL FAWWAZ,

                    Movant,

            -against-                                    19-cv-2708 (LAK)

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2019

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Movant was convicted of (1) conspiracy to murder United States nationals, in violation of 18 U.S.C. § 2332(b); (2) conspiracy to murder officers or employees of the United States, in violation of 18 U.S.C. § 1114; (3) conspiracy to damage or destroy United States property, in violation of 18 U.S.C. § 844(n); and (4) destruction of national defense material, in violation of 18 U.S.C. § 2155(a), and sentenced to life imprisonment. His conviction was affirmed on appeal and certiorari was denied.[1] He now moves, pursuant to 28 U.S.C. § 2255, for relief from the judgment and sentence.

---

[1] *Al Fawwaz v. United States*, 138 S. Ct. 1325 (2018); *United States v. Fawwaz*, 694 F. App'x 847 (2d Cir. 2017).

All references to docket items are to the criminal case [98-cr-1023 (LAK)] unless otherwise indicated.

2

*Movant's Contentions*

The petition (attached to the form 2255 motion) contends as follows:

1. Movant's counsel were ineffective in several ways:

    a. Trial counsel "failed to call a witness from London who would have corroborated [Movant's] claim that he vehemently disagreed with Bin Laden's turn toward violence . . ." Movant's papers do not identify this supposed witness.[2]

    b. Trial counsel "failed to place into evidence one of the exculpatory passages from the intercepted telephone calls between himself and Mohammed Atef, an alleged Al Qaeda member."[3] Movant's papers do not identify the passage to which he refers.

    c. Trial counsel "did not adequately demand *Brady* and discovery material . . . concerning whether the government had any evidence or information in its files that was inconsistent with or brought into question the import of the supposed 'Al Qaeda Membership List.'"[4]

    d. Trial counsel "wrongly advised [Movant] not to testify in his own defense . . ."[5]

    e. Trial counsel "failed to articulate and articulated poorly arguments that should have been made to support his case" and failed to marshal the evidence in summation. More broadly, movant faults them for failing to seek to recuse the undersigned, who movant "believe[d] was predisposed to rule against" him.[6]

2. The Court erroneously received the so-called Al Qaeda membership list and

---

[2] Petition [19-cv-2708 DI 2] at 2.

[3] *Id.*

[4] *Id.* at 2-3.

[5] *Id.* at 3.

[6] *Id.*

3

its English translation (GX 2201A and 2201A-T) into evidence.[7]

        3.     The Court deprived movant of due process and effective representation of counsel "by Denying [Movant's] Numerous Motions for Extensions or Continuances."[8] Movant's papers do not identify the motion or motions to which he refers.

        4.     The government, in violation of *Brady,* withheld "information which would have contradicted the contents of the 'Al Qaeda Membership List' or undercut the validity of the claim that it was a list of Al Qaeda members prepared . . . from reliable information."[9] Movant's papers identify no such information. Nor do they set forth any basis for a belief that the government had any such evidence.

*The Merits*

These contentions are readily rejected out of hand:

Ground 1a is without merit for all of the reasons advanced by the government[10] and others as well.

First, it bears emphasis that movant phrases his claim in these words: trial counsel "failed to *call* a[n unnamed] witness from London who would have corroborated [Movant's] claim that he vehemently disagreed with Bin Laden's turn toward violence . . . ."[11] In fact, defense counsel put into evidence deposition testimony taken in London from two witnesses who were not called in person at trial, but who testified to more or less what movant claims would have been said by

---

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.* at 5.

[10] DI 2117 at 6-9.

[11] Petition at 2 (emphasis added).

Case 1:98-cr-01023-LAK   Document 2139   Filed 10/02/19   Page 4 of 8
Case 1:19-cv-02706-LAK   Document 13   Filed 10/02/19   Page 4 of 8

4

whomever his motion was intended to refer. Abdel Bari Atwan testified in substance that al Fawwaz told Atwan that he, Al Fawwaz, disagreed with Usama bin Laden's "declaration calling for war on Americans" and that he was "against the content" of bin Laden's statement.[12] Similarly, Mohammed al Massari testified that he had approached al Fawwaz shortly after the issuance of bin Laden's *fatwa* to sound out al Fawwaz because al Massari was "amazed that [al Fawwaz] did not broadcast this [the *fatwa*] widely." He told al Fawwaz that "[i]t should be your job to broadcast, not let anybody else broadcast it." Al Fawwaz, according to al Massari, responded that "this [the bin Laden statement] was not our communique, we have nothing to do with that."[13] Thus, the substance of the testimony that movant claims could have been given by the unidentified London witness, assuming that any such witness was someone other than Atwan or al Massari, in fact was placed before the jury and a focus of the defense summation.[14]

Second, it must be borne in mind also that defense counsel were not able to compel the appearance of witnesses from London. In fact, neither Atwan nor al Massari was willing or able to come to the United States.[15] The same may well have been true of any unidentified witness, assuming once again that the unidentified witness existed and was someone other than Atwan or al

---

[12] Trial Tr. 1783-88.

[13] *Id.* at 1770-71; *United States v. Fawwaz,* 116 F. Supp.3d 194, 212-13 (S.D.N.Y. 2015) (discussing Atwan and Massari's depositions as supporting movant's claim that he was committed to peaceful means).

[14] Trial Tr. 2018-19, 2038-41, 2044.

[15] *See Fawwaz,* 694 Fed. App'x. at 851-52 (referring to al Massari's unavailability for trial); *United States v. Al Fawwaz,* 2014 WL 627083, at *3 (S.D.N.Y. Feb. 18, 2014) (Atwan refused entry to the United States).

5

Massari. Certainly movant has not suggested the contrary.

Ground 1b is without merit for the reasons set forth by the government.[16]

Ground 1c also fails. As explained below, movant's *Brady* claim is based entirely on speculation and cannot support his claim for relief. Ground 1c fails for this reason and the others stated by the government.[17]

Ground 1d is without merit. *Strickland v. Washington* requires that movant (1) show that his counsel's representation fell below "an objective standard of reasonableness," and (2) "affirmatively prove prejudice."[18] The government's exposition overwhelmingly establishes that counsel's advice was well grounded and that movant cannot affirmatively prove prejudice.[19]

Ground 1e fails as well. Any reasonable view of the record demonstrates that movant's trial counsel – one an accomplished member of the New York criminal defense bar and another a former United States Attorney for the District of Vermont – mounted a spirited and persistent defense. Movant assuredly has not established that their representation fell below "an objective standard of reasonableness," much less affirmatively proved prejudice for reasons including those articulated by the government.[20]

---

[16] DI 2117 at 9-10.

[17] *Id.* at 10-12.

[18] 466 U.S. 668, 687-88, 693-94 (1984).

[19] DI 2117 12-14.

[20] *Id.* at 14-17.

Ground 2 was raised and rejected by the Court of Appeals on direct appeal.[21] This argument is thus both procedurally barred and meritless.

Ground 3, if and to the extent that it means to refer to movant's January 5, 2015 request for a 60-day continuance, also was raised and rejected on direct appeal.[22] To that extent, it too is procedurally barred and without merit. To whatever extent Ground 3 is intended to refer to anything else, movant's failure to identify the ruling or rulings to which he refers is fatal. In any case, no such point was raised on direct appeal, and movant has failed to show cause for and prejudice from the failure to raise it. The point therefore is procedurally barred.

This leaves only movant's Ground 4 – the claim that perhaps there is something somewhere in the government's files that "would have contradicted the contents of the 'Al Qaeda Membership List' or undercut the validity of the claim that it was a list of Al Qaeda members prepared . . . from reliable information" and therefore should have been produced under *Brady*.[23] The government argues that the claim is procedurally barred because it was not raised on direct appeal and, in any case, is entirely speculative and thus without merit.

I assume *arguendo* that a *Brady* argument that could not have been raised on direct appeal – for example, a claim based on evidence that came to light only after the conclusion of the appellate process – would be available on a 2255 motion. But I need not decide that here because the government's other argument is dispositive. Movant's argument is based entirely on speculation

---

[21] *Fawwaz,* 694 F. App'x at 850-51.

[22] *See United States v. Fawwaz,* 691 F. App'x 676, 677-78 (2d Cir. 2017).

[23] Petition at 5.

and the hope that the English poet, Alexander Pope, wrote "springs eternal in the human breast." There is not a scintilla of evidence or information to support the idea that the government withheld exculpatory material in this case.

*Appointment of Counsel*

The foregoing is more than sufficient to dispose of this motion. But a further word is appropriate in order to be certain that the movant understands that his position, which is that I should appoint counsel for him at public expense to "study the files of the case and make proper arguments for him and add any additional claims that might be appropriate"[24] is without merit in law. This is so despite my keen awareness that the movant has been sentenced to life imprisonment, that he is a stranger in what to him is a strange land, that his English language abilities are limited at best, that he lacks legal training, and that he has not had access to classified material that was available to his defense counsel. But the Court nevertheless does not write on a blank slate.

There is a constitutional right to counsel at trial and on an initial appeal. A prisoner, however, enjoys no such right when, as is the case here, he is collaterally attacking a conviction.[25] Rather, the Court in such a case has discretion to appoint counsel when it "determines that the interests of justice so require."[26] As Judge Keenan has written:

> "The paramount factor considered by courts in determining whether to appoint counsel to indigent habeas petitioners is whether the indigent's position seems likely to be of

---

[24] *Id.* at 6.

[25] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[26] 18 U.S.C. § 3006A(a)(2)(B).

Case 1:98-cr-01023-AKK Document 2129 Filed 10/02/19 Page 8 of 8
Case 1:19-cv-02708-LAK Document 13 Filed 10/02/19 Page 8 of 8

8

substance. In order to make such a determination, the Court must decide whether the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success."[27]

As the foregoing demonstrates, each of the grounds advanced by the movant is demonstrably without merit. Accordingly, I cannot in good conscience say that any of the claims "appear to have [even] some chance of success." So while the movant's position with respect to appointment of counsel is supported by factors such as language issues, incarceration, lack of legal training and other circumstances, these all are outweighed by the predominant apparent lack of merit to his claims.

In all the circumstances, the Section 2255 motion[28] and the request for appointment of counsel are denied. A certificate of appealability is denied. The Court certifies that any appeal from would not be taken in good faith within the meaning of 28 U.S.C. §1915(a)(3).

SO ORDERED.

Dated:     October 2, 2019

_____
Lewis A. Kaplan
United States District Judge

---

[27] *United States v. Haouari*, No. 00-cr-15 (JFK), 2013 WL 4565298, at *1 (S.D.N.Y. Aug. 28, 2013) (internal quotations and citations omitted).

[28] 98-cr-1023, DI 2099; 19-cv-2078, DI 2.